UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| BRANDON ENNIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | |
| MEIJER, INC., | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, BRANDON ENNIS, by and through his attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, and for his Complaint against the Defendant, MEIJER, INC., states as follows:

### Preliminary Statement

1. This is an action for violations of the Family and Medical Leave Act of 1993.

### Parties

2. BRANDON ENNIS ("Ennis") is an individual residing in Winnebago County, IL.

3. MEIJER, INC. ("Meijer"), is a retail corporation with its principal place of business in Grand Rapids, Michigan, and operates multiple retail establishments in the State of Illinois, including an establishment located at 1770 W. Lane Road, Machesney Park, IL 61115.

4. The claims asserted herein arise from Ennis's employment with Meijer.

### Jurisdiction

5. This Court has original jurisdiction over this case as this Complaint is predicated on violations of Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601–265.

**Venue**

6. Venue is proper in this Court under 28 U.S.C. 1391(b)(2) as a substantial part of the events giving rise to the claims asserted herein occurred in the Northern District of Illinois.

**Facts Common to all Counts**

7. Ennis was previously employed with Meijer, located in Machesney Park, Illinois, as a seafood clerk.

8. While employed with Meijer, Ennis was involved in a motor vehicle accident that caused him personal injuries, and the inability to work. As such, Ennis requested Meijer that he be placed on FMLA while recuperating, which was granted and began on July 29, 2020, and was to continue until August 14, 2020.

9. OSF Medical Group, where Ennis was seeking treatment for his injuries, was providing the Human Resources Department at Meijer with continued updates regarding Ennis's work restrictions, in order for him to remain on FMLA.

10. OSF Medical Group advised Meijer that Ennis was to remain off-work through August 13, 2020, however it was determined that Ennis would be required to be off-work until September 14, 2020, due to his injuries.

11. On August 20, 2020, Ennis's GM Team Leader advised Ennis that he had been released to full duty, but had not returned to work, and therefore was in danger of being terminated. Ennis advised his GM Team Leader that he was still off-work per OSF Medical Group, however the GM Team Leader still advised Ennis he would be terminated if he did not return.

12. Ennis then contacted OSF Medical Group on August 20, 2020, and requested them to immediately send a medical update to Meijer, which OSF Medical Group stated would be done.

13. However, due to a miscommunication by OSF Medical Group, it failed to provide Meijer with an updated off-work note on August 20, 2020, unbeknownst to Ennis.

14. Subsequently, Meijer terminated Ennis on August 25, 2020. Ennis was unaware he was terminated by Meijer, and continued to call Meijer on a daily basis to update them about his condition and FMLA status, yet was never told he had been terminated.

15. In the interim, OSF Medical Group sent a correspondence to Meijer on or about September 1, 2020, stating that Ennis had properly provided his medical status to OSF Medical Group, but the paperwork that was needed to be given to Meijer had inadvertently not been completed by them. OSF Medical Group also sent updated FMLA medical documentation to Meijer that day.

16. Ennis received his termination letter approximately two weeks after August 25, 2020. When Ennis learned he had been terminated, he called Kim Ponder, the Human Resources Representative at Meijer. Ennis explained that OSF Medical Group restricted him from work until September 14, 2020.

17. Ponder told Ennis that had not received any paperwork from OSF Medical Group and that he had been terminated due to unexcused absences, despite OSF Medical Group sending Meijer a letter about his medical status on or about September 1, 2020. Ennis indicated that Ponder could call OSF Medical Group to obtain his updated off-work documentation. Ennis also offered to obtain this documentation and provide it to her. Ponder, however, declined both requests by Ennis.

18. Ennis then inquired if his employment with Meijer could be reinstated if he was able to provide the necessary documentation from OSF Medical Group demonstrating he was to

3

remain off-work until September 14, 2020, however Ponder maintained that he permanently terminated from Meijer.

19. On or about October 8, 2020, OSF Medical Group prepared a note stating that Ennis had timely provided the proper FMLA extension paperwork to them, and that OSF Medical Group did send updated FMLA documentation to Meijer on or about September 1, 2020. However, Ennis still was never reinstated to his employment position by Meijer.

## COUNT I: Violation of Family Leave and Medical Act

20. Plaintiff restates and re-alleges the allegations contained in paragraphs 1-19 of the Complaint and incorporates those allegations as if fully set forth herein.

21. That in direct violation of 29 U.S.C. § 2614, Defendant violated the Family Leave and Medical Act by performing one or more of the following acts or omissions:

    a. Without proper justification, terminated Plaintiff while on FMLA, despite him providing the proper certifications to maintain his FMLA status;

    b. Without proper justification, failed to restore Plaintiff to the position of employment held by him when his leave ended;

    c. Failed to restore Plaintiff to an equivalent employment position when his leave ended;

    d. Failed to restore Plaintiff to his position of employment, when his leave ended, despite him providing the proper certifications regarding his FMLA status;

    e. Failed to restore Plaintiff to his position of employment despite OSF Medical Group admitting error on their part and that his FMLA should be ongoing until September 14, 2020;

  f. Failed to follow-up with OSF Medical Group regarding Plaintiff's medical status and FMLA medical documentation needed from OSF Medical Group in order to appropriately evaluate his FMLA status;

  g. Elected to keep Ennis terminated from him employment despite receiving a correspondence from OSF Medical Group on or about September 1, 2020, that he was to remain on FMLA until September 14, 2020.

22. That based on Defendant's actions in this matter, there has been a clear violations of the Family Leave and Medical Act of 1993.

WHEREFORE, Plaintiff, Brandon Ennis, respectfully requests this Honorable Court enter an Order awarding Plaintiff in excess of $50,000.00 in compensatory damages, back-pay and ongoing front-pay, and attorney's fees/costs.

## JURY DEMAND

Plaintiff, BRANDON ENNIS, hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

              BRANDON ENNIS, PLAINTIFF

              By: /s/ Mohit Khare
                 Mohit Khare

Mohit Khare
Barrick, Switzer, Long, Balsley & Van Evera, LLP
6833 Stalter Drive
Rockford, IL, 61108
815-962-6611
mkhare@bslbv.com